# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BROTHERHOOD OF MAINTENANCE
OF WAY EMPLOYES DIVISION/IBT,

        Plaintiff,           Case No.

v.                                      Hon.

CANADIAN NATIONAL RAILWAY,
and GRAND TRUNK CORPORATION,

        Defendants.

DARCIE R. BRAULT (P43864)
McKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.
423 N. Main Street, Suite 200
Royal Oak, MI 48067
248-354-9650
dbrault@michworkerlaw.com

RICHARD EDELMAN
MOONEY, GREEN, SAINDON,
MURPHY & WELCH, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
202-783-0010
redelman@MooneyGreen.com

*Attorneys for Plaintiff*

## COMPLAINT

The Brotherhood of Maintenance of Way Employes Division/IBT ("BMWED" or "Union") brings this complaint against Canadian National Railway Company and its subsidiary Grand Trunk Corporation ("CN" or "Carrier") for a declaratory order that CN would violate Sections 2 First, Second, Third, and

Fourth of the Railway Labor Act ("RLA"), 45 U.S.C. §152 First, Second, Third and Fourth, by refusing to bargain with BMWED on a single carrier, craft-wide, system-wide basis with representatives designated by BMWED, and by insisting that BMWED bargain with CN as part of a coalition of other rail carriers. BMWED further seeks an injunction prohibiting CN from violating the RLA in this manner.

### PARTIES

1. BMWED is an unincorporated labor association that maintains its headquarters in Novi, Michigan.  On January 1, 2005, the BMWED became an autonomous division of the International Brotherhood of Teamsters.  Prior to that date, BMWED was an international union founded in 1887 that went by the name Brotherhood of Maintenance of Way Employes ("BMWE"). BMWED is the representative for collective bargaining under Section 1 Sixth of the RLA, 45 U.S.C. §151 Sixth, of all employees of CN working in the class or craft of maintenance of way employee

2. CN is a Canadian company with United States subsidiaries that operate under the name CN. CN's United States subsidiaries conduct rail operations in various States in the Eastern, Southern and Central portions of the United States, including Michigan; and they are rail carriers as that term is defined in Section 1 First of the RLA. Grand Trunk Corporation is a holding company

controlled by CN that in turn controls various CN railroads in the United States including the Grand Trunk Western Railroad Company; Illinois Central Railroad Company; Wisconsin Central Railroad, Ltd.; Cedar River Railroad Company; Chicago, Central & Pacific Railroad Company; Elgin Joliet and Eastern Railroad; Duluth, Winnipeg, & Pacific Railroad; Bessemer and Lake Erie Railroad; and Duluth, Missabe and Iron Age Railway.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear BMWED's complaint pursuant to 28 U.S.C. §§1331 and 1337 because it arises under the RLA, an act of Congress regulating interstate commerce; and because BMWED seeks a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) and (c) because CN owns and operates lines of railroad within this District.

## STATEMENT OF THE CLAIM

**RLA Representation and Bargaining**

5. Under Section 2 of the Railway Labor Act, 45 U.S.C. §152, employees of a rail carrier in a particular craft or class have the right to bargain collectively with the rail carrier through a collective bargaining representative. Representation must be for the entire craft or class and system-wide across the entire carrier.

6.     Railway Labor Act agreements do not expire; rather, they are periodically amended. A basic collective bargaining agreement between a rail union and a rail carrier may have its origins in an agreement that was entered a decade or more ago which has been updated and then amended from time to time. When a rail carrier, or a union representing its employees, seeks to change the rates of pay, rules or working conditions for a craft or class of the carrier's employees, Section 6 of the RLA, 45 U.S.C. §156, requires that the union or carrier provide written notice of the changes it seeks (commonly referred to as a "Section 6 Notice"). Section 6 further requires that the parties negotiate, and that rates of pay, rules or working conditions not be changed by the carrier until completion of bargaining. If mediation is invoked under RLA Section 5, 45 U.S.C. §155, no change may be made in rates of pay, rules or working conditions or established practices until completion of mediation.

7.     If a dispute over changes to RLA agreements is not resolved through bargaining and mediation, it may be resolved by the exercise of self-help (such as a strike or similar action by the union, or a lockout or unilateral imposition of terms by the carrier), unless the parties agree to arbitration under Section 7 of the RLA, 45 U.S.C. §157; or unless a Presidential Emergency Board ("PEB") is established under Section 10 of the RLA, 45 U.S.C. §160, in which case the parties must refrain from exercising self-help after creation of the PEB and for thirty days after

issuance of its report.

**BMWED'S Agreements With CN**

8. BMWED and the CN are parties to collective bargaining agreements that cover portions of the CN that previously were separate railroads; including: the properties of the former Grand Trunk Western Railroad Company ("June 2008 Agreement"); Illinois Central Railroad and Elgin, Joliet and Eastern Railroad, Cedar River Railroad Company and Chicago, Central & Pacific Railroad Company ("July 2007 Agreement"); Bessemer and Lake Erie Railroad ("September 1999 Agreement"); Wisconsin Central Railroad, Duluth, Winnipeg, & Pacific Railroad, Duluth, Missabe and Iron Age Railway, Minnesota and Manitoba Railway ("March 2014 Agreement"). BMWED's agreements with CN also incorporate certain agreements on specific subjects that were negotiated with multiple carriers (such as a vacation agreement, a union shop agreement and a job stabilization agreement).

9. BMWED's agreements with CN were last amended through an agreement and arbitration award that was the culmination of negotiation and mediation processes under Sections 6 and 5 of the RLA. That agreement and award were the product of national bargaining (or "national handling") between BMWED and various rail carriers including CN. That agreement and award amended existing rates of pay and health benefits for CN's BMWED represented employees

5

under BMWED's various collective bargaining agreements with CN. That agreement and award also established a moratorium period barring the service of any Section 6 notices for changes in agreements until November 1, 2019.

**Single and Multi-Carrier Bargaining in the Railroad Industry**

10.     Although rail carriers are required to bargain with the representatives of their employees, and RLA representation is systemwide for an entire craft or class, rail carriers and rail unions have sometimes formed coalitions for bargaining through "national handling" where bargaining has been conducted between coalitions of rail carriers and single rail unions, and between coalitions of rail carriers and coalitions of rail unions, but the resulting agreements amend the existing collective bargaining agreements covering a craft or class on a particular rail carrier. In the last few decades, most rail carriers, including CN, have sought to bargain in coalition with other rail carriers through the National Carriers' Conference Committee ("NCCC"). Over that period rail unions, including BMWED, have sometimes formed coalitions composed of various unions to bargain with the NCCC.

11.     However, not all rail carriers and unions bargain through national handling; instead their bargaining is between the carrier and the union representing the carrier's employees in a particular craft or class on a systemwide basis.

12.     In some instances, either carriers or unions have resisted national

6

handling, and asserted a desire to bargain on a carrier basis or even on the basis of a particular agreement.

**The End of the Current Moratorium Period and Approaching Service of Section 6 Notices**

13.     The current moratorium period on service of Section 6 notices by BMWED and CN expired on November 1, 2019.

14.     BMWED intends to serve a Section 6 notice on CN for changes in the various BMWED-CN agreements on or about November 1, 2019.

15.     In addition to changes in wages and benefits, BMWED's Section 6 Notice will seek changes in various work rules under the different BMWED-CN agreements. Because of the proposals for changes to work rules specific to the BMWED-CN agreements, BMWED will seek to bargain directly with CN in single carrier bargaining, consistent with BMWED's system-wide, craft-wide representation of CN's maintenance of way employees.

16.     On information and belief, including the experience of bargaining over past Section 6 Notices, CN will oppose single carrier bargaining with BMWED.

<u>**FIRST CAUSE OF ACTION**</u>

17.     BMWED incorporates by reference as if fully set forth herein each and every allegation of paragraphs 1 through 16.

18.     Section 2 Second of the RLA, 45 U.S.C. §152 Second, provides:

Consideration of disputes by representatives

All disputes between a carrier or carriers and its or their employees shall be considered, and, if possible, decided, with all expedition, in conference between representatives designated and authorized so to confer, respectively, by the carrier or carriers and by the employees thereof interested in the dispute.

19.     Section 2 Third of the RLA, 45 U.S.C. §152 Third, provides:

Designation of representatives

Representatives, for the purposes of this chapter, shall be designated by the respective parties without interference, influence, or coercion by either party over the designation of representatives by the other; and neither party shall in any way interfere with, influence, or coerce the other in its choice of representatives. Representatives of employees for the purposes of this chapter need not be persons in the employ of the carrier, and no carrier shall, by interference, influence, or coercion seek in any manner to prevent the designation by its employees as their representatives of those who or which are not employees of the carrier.

20.     Section 2 Fourth of the RLA, 45 U.S.C. §152 Fourth, provides (in pertinent part):

Organization and collective bargaining; freedom from interference by carrier...

Employees shall have the right to organize and bargain collectively through representatives of their own choosing. The majority of any craft or class of employees shall have the right to determine who shall be the representative of the craft or class for the purposes of this chapter...

21.     Decisions applying Section 2 of the RLA hold that a carrier is obligated to treat with the representative of a craft or class of its employees and is

8

obligated not to treat with anyone else as representative of that craft or class.

22. Under the RLA, representation of a craft or class is craft-wide and system-wide, for all employees in a craft or class of a particular carrier.

23. By refusing to bargain with BMWED on a single carrier, craft-wide, system-wide basis with representatives designated by BMWED, CN would violate Sections 2 Second, Third and Fourth by (a) refusing to conference with the representatives for bargaining designated by BMWED; (b) interfering with BMWED's designation of representatives for bargaining with CN; (c) interfering with BMWED's organization for bargaining and the right of CN's maintenance of way employees to bargain through their designated representative for bargaining as it chooses to bargain; and (d) by refusing to treat with the systemwide representative of the craft or class of NSR's maintenance of way employees on a single carrier basis.

## SECOND CAUSE OF ACTION

24. BMWED incorporates by reference as if fully set forth herein each and every allegation of paragraphs 1 through 23.

25. Section 2 First of the RLA, 45 U.S.C. §152 First, provides:

Duty of carriers and employees to settle disputes

It shall be the duty of all carriers, their officers, agents, and employees to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such agreements or otherwise, in

order to avoid any interruption to commerce or to the operation of any carrier growing out of any dispute between the carrier and the employees thereof.

26. The duty imposed by Section 2 First has been held to include a duty to bargain in good faith.

27. By refusing to bargain with BMWED on a single carrier, craft-wide, system-wide basis with representatives designated by BMWED, CN would violate Section 2 First by failing and refusing to make every reasonable effort to make agreements and settle all disputes, and to bargain in good faith.

## **REQUEST FOR RELIEF**

WHEREFORE, BMWED respectfully requests that the Court:

A. DECLARE that by refusing to bargain with BMWED on a single carrier, craft-wide, system-wide basis with representatives designated by BMWED, CN would violate RLA Sections 2 Second, Third and Fourth;

B. DECLARE that by refusing to bargain with BMWED on a single carrier, craft-wide, system-wide basis with representatives designated by BMWED, CN would violate RLA Section 2 First;

C. DECLARE the CN must bargain with BMWED on a single carrier, craft-wide, system-wide basis with representatives designated by BMWED;

D. ENJOIN CN from refusing to bargain with BMWED on a single carrier, craft-wide, system-wide basis with representatives designated by

10

BMWED;

E.  GRANT BMWED reasonable attorneys' fees and the costs of this action as well as any other relief that the Court deems just and proper.

Respectfully submitted,

McKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.

By: */s/ Darcie R. Brault*
Darcie Brault (P43864)
423 North Main Street, Suite 200
Royal Oak, MI 48067
(248) 354-9650
dbrault@michworkerlaw.com

Richard S. Edelman
MOONEY, GREEN, SAINDON,
MURPHY & WELCH, P.C.
1920 L Street NW, Suite 400
Washington, DC  20036
(202) 783-0010
Redelman@MooneyGreen.com

*Attorneys for Plaintiff Brotherhood of
Maintenance of Way Employes
Division/IBT*

Date: November 4, 2019